**Clement David CLARKE, Plaintiff,**

v.

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, an Unincorporated Association, and Laborers' Local 301, AFL–CIO, and Unincorporated Association, Defendants.**

**No. 86–269–Civ–J–14.**

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 15, 1986.

Order Granting Motions for Summary Judgment Jan. 20, 1987.

James T. Terrell, Jacksonville, Fla., for plaintiff.

Peter J. Kellogg, Jacksonville, Fla., Susan Sacks, Washington, D.C., for defendants.

## ORDER DENYING MOTION TO REMAND

SUSAN H. BLACK, District Judge.

This case is before the Court on the plaintiff's Motion to Remand, filed herein on April 22, 1986. Defendants' response in opposition was filed May 13, 1986. The case was transferred to this Court on May 29, 1986, because of the similarity in issues and parties with Case No. 85-1218-Civ-J-14.

■ The plaintiff alleges in the Complaint that the defendant unions owed the plaintiff the duty to assure that he was provided a safe workplace and to ensure that the plaintiff would not be required to take undue risks in performance of his duties which were not commensurate with his training and experience. Plaintiff further alleges that the defendants negligently breached their duty by allowing him to be assigned and work in a dangerous environment without the necessary training. The defendant filed the Petition for Removal on April 16, 1986, claiming that the action was for breach of fair representation by the unions and, thus, this Court has original jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). The plaintiff, in the Motion to Remand, characterizes the suit as an action for negligence, not within the jurisdiction conferred by Section 301.

The plaintiff previously filed an action against the unions in *Clark v. Laborers' Local 301, AFL-CIO*, 85-1218-Civ-J-14. In that case, this Court summarized the plaintiff's Complaint as follows:

[P]laintiff states in his Complaint that the unions promised close scrutinization and monitoring of job site safety. Furthermore, the unions had a duty to make reasonable attempts to provide safe working conditions for their members, to inspect job sites, and to picket or close down any job site that was in violation of reasonable safety standards or rules. (Complaint, item 9).

Order of December 5, 1985, at 2. Based on these allegations in the Complaint, the Court found that the duty owed the plaintiff derived from the collective bargaining agreement and held that the plaintiff's suit was based on federal labor law and, thus, was properly removed from state court. *Id.* at 2–3. The Court noted that the Eleventh Circuit had not ruled on the issue of whether the federal courts had jurisdiction over actions based on the general duty to inspect for safety for the benefit of the entire work force pursuant to the collective bargaining agreement. *See Hechler v. International Brotherhood of Electrical Workers, AFL–CIO,* 772 F.2d 788, 797–98 (11th Cir.1985). Because the issue was left unresolved by *Hechler,* the Court stated that it would consider a motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See* Order of December 5, 1985, at 3.

In the present case, plaintiff alleges the following:

> The Defendants LIUNA and Local 301, and each of them, pursuant to contracts and agreements entered into by and between these Defendants and Regency Square Construction, to which contracts and agreements the Plaintiff was a third-party beneficiary, and pursuant to the relationship by and between the Defendants and the Plaintiff, whereby the Plaintiff, Clement David Clarke, was a dues-paying member of the Defendants, the Defendants owed the Plaintiff the duty to assure that the Plaintiff was provided safety in his workplace and a safe workplace, and further, the Plaintiff would not be required or allowed to take undue risks in the performance of his duties which were not commensurate with his training and experience, or to work in an area which was not safe as commensurate with his training and experience.

Complaint at paragraph 5. While the plaintiff does not allege that the defendants had a duty to provide safe working conditions for all their members, the Court still finds

that the plaintiff's allegation of the duty owed to him by the defendants is derived from the collective bargaining agreement. To determine whether the unions were negligent would, therefore, involve determining whether the unions breached their obligations under the agreement. Thus, the Court holds that the plaintiff's cause of action is based on the Labor-Management Relations Act and that this Court has jurisdiction pursuant to section 301, 29 U.S.C. § 185(a).[1]

Accordingly, it is

ORDERED that the plaintiff's Motion to Remand, filed herein on April 22, 1986, is denied.

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

This case is before the Court on Defendant Laborers' Local 301, AFL–CIO's Motion For Summary Judgment, filed herein on October 20, 1986; Defendant Laborers' International Union Of North America's Motion For Summary Judgment, filed herein on October 20, 1986; and Defendant Laborers' International Union Of North America's Motion For Withdrawal From Arbitration, filed herein on October 20, 1986. Plaintiff's response in opposition to the motions for summary judgment was filed October 27, 1986.

The plaintiff originally filed this action in state court for damages resulting from the alleged negligence of the defendant unions. Defendants removed the action to federal court on the basis of 28 U.S.C. § 1331, asserting that the Court had original jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). On September 15, 1986, the Court denied the plaintiff's motion to remand.

■ The basis of the defendants' motions for summary judgment is that the plaintiff's cause of action is barred by the

---

**1.** As noted in Case No. 85–1218–Civ–J–14, the Court will consider a motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

six-month statute of limitations provided by 29 U.S.C. § 160(b). The plaintiff concedes that his Complaint was not filed within the six-month statute of limitations. It is plaintiff's position, however, that his cause of action is based on state law of negligence and not on federal labor law. Therefore, plaintiff asserts that the six-month statute of limitations does not apply.

The Court addressed the issue of whether plaintiff's cause of action was based on the state law of negligence or federal labor law in its Order Denying Motion To Remand. That order provided, in pertinent part:

> While the plaintiff does not allege that the defendants had a duty to provide safe working conditions for all their members, the Court still finds that the plaintiff's allegation of duty owed to him by the defendants is derived from the collective bargaining agreement. To determine whether the unions were negligent would, therefore, involve determining whether the unions breached their obligations under the agreement. Thus, the Court holds that the plaintiff's cause of action is based on the Labor-Management Relations Act and that this Court has jurisdiction pursuant to section 301, 29 U.S.C. § 185(a).

Thus, the Court has already determined that plaintiff's cause of action is based on the Labor-Management Relations Act and the Court will apply the six-month statute of limitations provided by that Act. Therefore, the Court finds that plaintiff's Complaint is time barred and the Court will grant the defendants' motion for summary judgment.

Accordingly, it is

ORDERED:

1. That Defendant Laborers' Local 301, AFL–CIO's Motion For Summary Judgment, filed herein on October 20, 1986, is granted.

2. That Defendant Laborers' International Union Of North America's Motion For Summary Judgment, filed herein on October 20, 1986, is granted.

3. That the Clerk of the Court is directed to enter summary final judgment for the defendants against the plaintiff.

4. That Defendant Laborers' International Union Of North America's Motion For Withdrawal From Arbitration, filed herein on October 20, 1986, is denied as moot.